FILED
AUG. 5, 2021
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOHN BERMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:21-cv-01526 (UNA) |
| | ) |
| KRISTIN DRAPER, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

On June 3, 2021, Plaintiff filed a *pro se* complaint, Dkt. 1, and supporting declaration, Dkt. 5 ("Decl."), a motion for injunctive relief, Dkt. 2, an application for leave to proceed in *forma pauperis* ("IFP"), and a motion for CM/ECF password, Dkt. 3. On June 10, 2021, another court in this District identified several deficiencies in Plaintiff's filings. *See* Ord., Dkt. 5. Specifically, the Court advised Plaintiff that he (1) violated Federal Rule 11 by failing to sign the complaint, the motion for injunctive relief, the application for waiver of fees, and the declaration; (2) overlooked Local Civil Rule 5.1(c)(1) by providing only a post office box address without first requesting leave to do so, and; (3) requested CM/ECF password without including the information required by Local Civil Rule 5.4(b)(2). *Id.* at 1. Accordingly, the Court denied the motion for CM/ECF password without prejudice and provided Plaintiff with a 20-day extension to (1) submit amended filings bearing his signature; (2) either provide a full residence address, or file a motion to use a post office box as the mailing address, and; (3) renew his motion for CM/ECF password in accordance with Local Civil Rule 5.4(b). *Id.* at 2.

On June 14, 2021, Plaintiff filed an amended complaint, Dkt. 7 ("Am. Compl."), a supplement to his application for leave to proceed IFP, Dkt. 8, and a renewed motion for CM/ECF

1

password, Dkt. 9.  These filings are all signed and the motion for CM/ECF password contains the required supplemental information.  *See generally, id*.  In these filings, Plaintiff also supplies a "[t]emporary residence and mailing address [of] 319 Park Ave, Galt, CA 95632."  *See, e.g.*, Am. Compl. at p. 28.  Plaintiff did not file anything to correct or otherwise supplant the deficient motion for injunctive relief.   For the reasons explained below, this matter is dismissed, and the motions are denied.

Plaintiff sues an attorney, Kristin Draper of Shulman, Rogers, Gandal, Pordy & Ecker, P.A., *id.* at caption, ¶ 2, for RICO violations arising from alleged extortion and money laundering, *id.* at pp. 1–7, 9–25.  Defendant apparently represented a trustee of revocable trust(s) once belonging to Plaintiff's mother – and of which Plaintiff is a remainder beneficiary – in litigation that was filed in the Circuit Court for Montgomery County Maryland.  *See id.* at pp. 3–19; *see also* Decl. Exs, Dkt. 5–1.  The litigation involved the division and distribution of funds in these trust(s). *See id.*  Plaintiff alleges that Defendant conspired with her law firm to unjustly withhold his portion of the trust(s)' proceeds, *see* Am. Compl. ¶¶ 12–17, 32–3, 51–2, 62–3, 66–9, 76–7, withdrew unfair fees from the trust(s), *see id.* ¶¶ 13, 18–19, 30–6, 48, 55, 68, and "made three discrete attempts . . . to obtain Plaintiff's consent to a 'global' resolution [of litigation]—extortion code for Plaintiff relinquishing some of his property—or rights . . . in trade for receiving that balance [of the trust(s)]," *id.* ¶ 71.  He seeks unspecified damages and injunctive relief.  *See id*. at pp. 20–1, 27–8.

While Plaintiff has now provided his own mailing address, he nonetheless fails to provide an address for Defendant.  *See* Local Civil Rule 5.1(c)(1).  Additionally, venue in a civil action is proper only in (1) the district where any defendant resides, if all defendants reside in the same state in which the district is located, (2) in a district in which a substantial part of the events or omissions giving rise to the claim occurred (or a substantial part of the property that is the subject of the

action is situated), or (3) in a district in which any defendant may be found, if there is no district in which the action may otherwise be brought.  *See* 28 U.S.C. § 1391(b); *see also* 28 U.S.C. § 1406(a).  Here, the trust(s) are located Maryland, Am. Compl. ¶¶ 1, 6, 29, the events giving rise to Plaintiff's claims occurred in Maryland, *see id.* ¶¶ 6, 10, 16, 18, 22, 30, 34, 37–8, 45, 54–6, and Plaintiff cites Maryland law repeatedly, *see, e.g.*, Am. Compl. ¶¶ 6, 9, 53, 62, 73–4.

Plaintiff attempts to tie his claims to the District of Columbia by noting that Defendant is barred in this District, and that Defendant's firm (although registered and headquartered in Maryland) maintains an office in the District.  S*ee id.* ¶ 2.  But neither fact supports venue here, as Defendant's law firm is not a party to this case, there is no indication that Defendant resides in the District, and Defendant's bar membership (standing alone) is not enough to establish venue.

Furthermore, Plaintiff's claims seek to interfere with estate administration proceedings before the Maryland the Montgomery County Circuit Court.  *See id*. ¶¶ 6–7, 10, 18, 22, 55–9, 75; *see also* Decl. Exs.  But district courts generally lack jurisdiction to intervene in state court proceedings.  *See Richardson v. District of Columbia Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996) (citing *District of Columbia v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)).

Finally, Plaintiff's allegations do not state a claim for relief.  *See* Fed. R. Civ. P. 12(b)(6).  To sustain a RICO claim, Plaintiff must allege that Defendant has engaged in a "pattern of racketeering activity or collection of unlawful debt."  *See* 18. U.S.C. § 1962.  But the amended complaint alleges conduct that appears entirely lawful: that defendant represented a trustee, tried to settle with Plaintiff, and was bound by certain strictures of Maryland law and the directives of a state court.  Plaintiff's amended complaint hardly suggests impropriety much less plausibly allege a conspiracy involving a pattern of racketeering activity.

Consequently, the motion for leave to proceed IFP is granted, the motion for injunctive relief is denied, the renewed motion for CM/ECF password is denied as moot, and this matter is dismissed without prejudice. A separate order accompanies this memorandum opinion.

DATE: July 30, 2021

CARL J. NICHOLS
United States District Judge