**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

JOHN BERMAN,                          )
                                      )
            Plaintiff,                )
                                      )
      v.                              )        Civil Action No. 1:21-cv-01526 (UNA)
                                      )
KRISTIN DRAPER,                       )
                                      )
            Defendant.                )

**<u>MEMORANDUM OPINION</u>**

Currently before the court is plaintiff's *pro se* amended complaint, ECF No. 3, and application for leave to *proceed in forma pauperis* ("IFP"), ECF No. 2.  For the reasons explained below, the IFP application will be granted and the amended complaint, and this matter, will be dismissed without prejudice.

Plaintiff has filed a prolix 45-page amended complaint that is difficult to follow.  He attempts to sue an attorney, Kristin Draper, seemingly of Shulman, Rogers, Gandal, Pordy & Ecker, P.A., for (1) extortion under the Hobbs Act, 18 U.S.C. § 1951, and the Maryland Criminal Code, (2) money laundering pursuant to 18 U.S.C. §§ 1956, 1957, and (3) violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO").  He seeks damages and fees against her.

As far as it can be understood, defendant apparently represented a trustee of revocable trust once belonging to plaintiff's mother—and of which plaintiff is a remainder beneficiary—in litigation that was filed in the Circuit Court for Montgomery County, Maryland.  It appears that the litigation involved resolution of the division of the trust and distribution of the funds, and that the trustee was holding these remaining funds until a subrogation claim involving plaintiff was

resolved by a California court.  Plaintiff alleges that defendant conspired with her law firm to continually and unjustly withhold his rightful portion of the trust's proceeds, to withdraw unfair fees and charges from the trust, and to attempt to coerce plaintiff to relinquish his rights to same. Plaintiff then also spends a considerable amount of time discussing his frustration with the United States Supreme Court's handling and disposition of his filings.

First, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004).  The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies.  *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).  When a pleading "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8.  *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8."  *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted).

The amended complaint falls within this category.  Plaintiff seems to admit as much, because he acknowledges that he is required to file a " 'short and plain' statement of a claim[,]" but maintains that his prior submissions, that were purportedly short and plain, "fell on deaf ears" due to "the previous district courts' apparent failure to read[,]" and therefore, he must now

"provide even more detail than before." However, plaintiff's determination to depart from the Rule 8 standard only makes his operative complaint—which he has already had an opportunity to amend—less, rather than more, cognizable.

Second, plaintiff's claims, at root, take issue with the administration of the trust and estate in Maryland state court, and indirectly seeks to overturn determinations made by the Montgomery County Circuit Court. As a general rule, applicable here, a federal district court lacks jurisdiction to intervene in state court proceedings. *See Richardson v. District of Columbia Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996) (citing *District of Columbia v. Feldman*, 460 U.S. 462, 476 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)). Indeed, plaintiff cites continually to Maryland state criminal law, but fails to explain why this District should preside over claims and issues involving Maryland law, aside his unpersuasive and passing reliance on the fact that defendant seemingly makes use of a satellite office in the District of Columbia.

Third, plaintiff has filed a civil case, but cites to mostly criminal statutes that do not provide a private right of action. *See Kissi v. Panzer*, 664 F. Supp. 2d 120, 127 (D.D.C. 2009) (holding that 18 U.S.C. §§ 1951, 1956, and 1957, all fail to provide a private right of action) (collecting cases), *aff'd*, 444 Fed. Appx. 457 (D.C. Cir. 2011). And plaintiff may not initiate criminal proceedings against defendants by filing a complaint, of any kind, with this court. *Powell v. Katzenbach*, 359 F.2d 234, 234–35 (D.C. Cir. 1965) (per curiam) (holding that the judiciary "will not lie to control the exercise" of Attorney General's discretion to decide whether or when to institute criminal prosecution), *cert. denied*, 384 U.S. 906 (1966); *Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988) (refusing to recognize constitutional right "as a member of the public at large and as a victim to have the defendants criminally prosecuted"); *Sibley v. Obama*, 866 F. Supp. 2d 17, 22 (D.D.C. 2012) (holding same). Similarly, plaintiff cannot compel a criminal

investigation by any law enforcement agency by filing a complaint with the court.  *See Otero v. U.S. Attorney General*, 832 F.2d 141, 141–42 (11th Cir. 1987) (per curiam); *see also Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir. 1982).

Fourth, and notwithstanding the other noted deficiencies, plaintiff's RICO claims are also insufficient.  *See Ruston v. Riggs*, No. 08–1178, 2008 WL 2705194, at *1 (D.D.C. Jul. 8, 2008) (holding that a "disorganized and rambling set of conclusory statements" is insufficient to sustain a RICO claim.  To establish a RICO claim, plaintiff must allege, at a minimum, that defendant has engaged in a "pattern of racketeering activity or collection of unlawful debt." *See* 18. U.S.C. § 1962;  *Pyramid Securities Ltd. v. IB Resolution, Inc.*, 924 F.2d 1114, 1117 (D.C. Cir. 1991) (same).  But, setting aside plaintiff's overbroad accusations, the amended complaint largely alleges conduct that, on its face, appears entirely lawful; that defendant represented a trustee, attempted to engage in settlement discussions with plaintiff, and was bound by certain strictures of Maryland law and formal directives of a state court.  The particulars presented in this matter does not give rise to any inference of impropriety much less evidence a conspiracy involving a pattern of racketeering activity.  "Nor is it clear that there is a pattern of racketeering activity insofar as plaintiff is alleged to be the sole injured party." *Sanders v. Dist. of Columbia*, No. 13–967, 2013 WL 4494682, at *1 (D.D.C. Jun. 25, 2013) (citing *W. Assocs. Ltd. ex rel. Ave. Assocs. Ltd. v. Mkt. Square Assocs.*, 235 F.3d 629, 634 (D.C. Cir. 2001); *Zernik v. U.S. Dep't of Justice*, 630 F. Supp. 2d 24, 27 (D.D.C. 2009)).  "And [RICO] claims, such as this, that are 'insubstantial' or 'otherwise completely devoid of merit as not to involve a federal controversy' deprive the Court of subject matter jurisdiction." *O'Connor v. Extra Space Storage Corp.*, No. 19-3262, 2019 WL 6498819, at *2 (D.D.C. Dec. 2, 2019) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998)).

Finally, the court notes that it has no authority to determine what actions may or may not be taken by Supreme Court Justices and its administrative officers. *See In re Marin*, 956 F.2d 339, 340 (D.C. Cir. 1992), *cert. denied*, 506 U.S. 844 (1992).

For all of these reasons, the IFP application is granted, and this matter is dismissed without prejudice. A separate order accompanies this memorandum opinion.

DATE: October 24, 2022

_____s/s_____
COLLEEN KOLLAR-KOTELLY
United States District Judge